ON APPLICATION EOR REHEARING.
Reed J.,
delivered the opinion of the court.
Both parties to the controversy have filed petitions and elaborate briefs and arguments asking a' rehearing.
The application of plaintiff is based, principally, upon -the fact that the court below found as a matter of fact that *41 $17.50 was an adequate license fee, and that $25 was excessive, and that no exception having been taken, such finding was conclusive upon this court. Had there been any authoritative finding of an important fact involved, it might be correct. The fact incidentally found and presented as a sort of compromise in no way affects the result to be reached. The right to collect any license fee depends upon the validity of the ordinance authorizing it, and the amount of the fee is also dependent upon the ordinance. There were two ordinances, the earlier one providing for a fee of $10 upon each car, the subsequent, for $25. The right to demand and collect a fee is conceded by the plaintiff, but it contends that $10 is enough and $25 is excessive. It adopts, and wishes the court to adopt, such findings only for the purpose of abrogating and invalidating the latter ordinance of $25, and relegating it to. the $10 ordinance, not adopting the finding as a basis of payment. Had the court found and decreed the $25 ordinance void, by reason of excessive charges, another question would have been presented; but while finding $25 excessive and $17.50 sufficient, it in the same judgment finds “ That the city council having the power to assess said tax at the sum of $25 per car, and having elected to do so, that the same is legal.” Having found that the fee of $25 was legal, it is unimportant upon what evidence, if any, it found $17.50 sufficient. We do not see how, without adopting it as a basis of payment, it can avail the plaintiff, or how it is regarded by the court, becomes important. To adopt the finding of fact as urged would abrogate both ordinances, one for being excessive, the other for not being sufficient.
Without more data or evidence, we do not feel justified in interfering with the functions of the city council in matters peculiarly within their knowledge, nor shall we do so under any circumstances, unless its action is clearly flagrant and oppressive. In this instance the limit attempted to be established is so finely drawn, it must be apparent that it was more in the spirit of an attempt to compromise or arbitrate than an authoritative judicial opinion.
*42 The petition of plaintiff in error must be denied.
The petition of defendant in error must also be denied.
This court having found the ordinance valid and having asserted the right of the city, under the ordinances, by virtue of its police power, to collect a license fee of $25, does not consider it obligatory upon it to go further and decide questions not involved. Nor are we disposed to recede from the construction of the constitution as stated in the opinion, nor to adopt the conclusions of the district court aud the contention of counsel, that the property of the corporation can be doubly taxed for revenue; first, upon its assessed value, and second, upon license fees. We think that to permit it would not only be inequitable but in direct conflict with the constitution.
We do not regard the late decision of the supreme court in Denver City v. Knowles, handed down since the opinion in this case was written, as in any way controlling this case or in conflict with it; though the subjects are germane, both being in regard to the power and constitutional limits of the right to tax, the questions are in no' wa3r identical, and the basis of each and the right to tax depend upon principles of law widely different in their origin and application.
This is not a court of final jurisdiction when constitutional questions are involved. The supreme court will undoubtedly be required to pass upon the constitutional question, and as the judgment of this court is only intermediate, it can only be a basis to enable parties to obtain a review, which we will gladly facilitate.

Denied.